## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KEYON PULLINS (#92768)**                                       **CIVIL ACTION**

**VERSUS**

**19-776-BAJ-SDJ**

**EAST BATON ROUGE SHERIFF'S DEPT., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 14, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KEYON PULLINS (#92768)**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

　　　　　　　　　　　　　　　　　　　　　　　　　　**19-776-BAJ-SDJ**

**EAST BATON ROUGE SHERIFF'S DEPT., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the East Baton Rouge Sheriff's Department, Sid Gautreaux, Detective Thomas, and Deputy Sangley, complaining that his constitutional rights have been violated due to seizure of his personal property following his arrest. He seeks monetary relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are

merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: On August 2, 2019, as he was leaving the state courthouse, the plaintiff was approached by defendant Sangley. After asking the plaintiff for his name, defendant Sangley handcuffed the plaintiff and placed him in the courthouse holding cell. While in the holding cell, the plaintiff's cell phone, money, and wallet were taken from him. These items were not returned to the plaintiff upon his transfer to jail, and the plaintiff was not informed as to the whereabouts of his personal property.

The plaintiff's Complaint fails to state a claim upon which relief may be granted. Whether intentional or negligent, the "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Louisiana law provides plaintiff the opportunity to seek redress for either the alleged negligence or intentional torts committed by these public officials. *See* Louisiana Civil Code Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee,* 951 F.2d 638 (5th Cir. 1992). Because the plaintiff has available post-deprivation remedies through the state courts, his claim based on the alleged taking of his personal property during arrest, fails to state a claim under *Hudson.*

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may

decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1].

Signed in Baton Rouge, Louisiana, on July 14, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."